# EXHIBIT

# A

## SHERIFF'S ENTRY OF SERVICE

2100/095

### SHERIFF'S ENTRY OF SERVICE

| | |
|---|---|
| Civil Action No. __21EV000249__ | ☐ Superior Court    ☐ Magistrate Court |
| | ☒ State Court       ☐ Probate Court |
| | ☐ Juvenile Court |
| Date Filed __January 12, 2021__ | Georgia, ____Fulton____ COUNTY |

Attorney's Address
Stephen V. Kern, Esq.
Kitchens Kelley Gaynes, P.C.
5555 Glenridge Connector, Suite 800
Atlanta, Georgia 30342
Name and Address of Party to be Served.

HOME-OWNERS INSURANCE COMPANY

c/o CT Corporation System, Linda Banks

289 South Culver Street, Lawrenceville, Georgia 30046

TPN PROPERTIES, LLC

_____ Plaintiff

VS.

HOME-OWNERS INSURANCE COMPANY

_____ Defendant

_____ Garnishee

### SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐ I have this day served the defendant_____personally with a copy
of the within action and summons.

I have this day served the defendant_____by leaving a
copy of the action and summons at his most notorious place of abode in this County.

**NOTORIOUS** ☐ Delivered same into hands of_____described as follows:
age, about _____years; weight _____ pounds; height, about_____ feet and_____ inches, domiciled at the residence of
defendant.

**CORPORATION** ☒ Served the defendant_____a corporation
by leaving a copy of the within action and summons with _____
in charge of the office and place of doing business of said Corporation in the County.

**TACK & MAIL** ☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the
premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail,
First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed
thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐ Diligent search made and defendant_____
not to be found in the jurisdiction of this court.

This_____ day of_____, 20___.

_____
DEPUTY

SHERIFF DOCKET        PAGE                    WHITE-CLERK    CANARY-PLAINTIFF    PINK-DEFENDANT



GEORGIA, FULTON COUNTY

**State Court of Fulton County**
DO NOT WRITE IN THIS SPACE    \*\*\*EFILED\*\*\*
**File & ServeXpress**

**STATE COURT OF FULTON COUNTY**
Civil Division

CIVIL ACTION FILE #: 21EV000249    Transaction ID: 66245658
Date: Jan 12 2021 12:00AM
Christopher G. Scott, Chief Clerk
Civil Division

TPN PROPERTIES, LLC

1286 Milledge Street

East Point, Georgia 30344

Plaintiff's Name, Address, City, State, Zip Code

vs.

HOME-OWNERS INSURANCE COMPANY

c/o CT Corporation System, Linda Banks

289    South Culver Street    Lawrenceville    Georgia, 30046

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $ 5,566,604.00 |
| [ x ] CONTRACT | |
| [ ] NOTE | INTEREST $ TBD |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $ TBD |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ 264.00 |
| [ ] SPECIAL LIEN | |
| | \*\*\*\*\*\*\*\*\*\*\*\* |
| [X] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:
Name: Kitchens Kelley Gaynes, P.C., c/o Stephen V. Kern, Esq.

Address: 5555 Glenridge Connector, Suite 800

City, State, Zip Code: Atlanta, Georgia 30342                Phone No.: 404-237-4100

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Christopher G. Scott, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*
Served, this _____ day of _____, 20_____.    _____
                                                              DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20____.    _____ Foreperson

## (STAPLE TO FRONT OF COMPLAINT)



State Court of Fulton County
\*\*\*EFILED\*\*\*
File & ServeXpress
Transaction ID: 66245658
Date: Jan 12 2021 12:00AM
Christopher G. Scott, Chief Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| TPN PROPERTIES, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No.: _21EV000249_ |
| | ) |
| HOME-OWNERS INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendant. | ) |

---

### COMPLAINT

---

COMES NOW plaintiff TPN Properties, LLC and files this Complaint stating as follows:

### THE PARTIES

1.      Plaintiff TPN Properties, LLC ("**TPN**") is a limited liability company formed and operating under the laws of the State of Georgia with its principal place of business in Georgia.

2.      Defendant Home-Owners Insurance Company ("**Home-Owners**") is a corporation formed under the laws of the State of Michigan with its principal place of business in Lansing, Michigan. Home-Owners is authorized to conduct business in the state of Georgia and has agents in Fulton County, Georgia.

3.      Defendant Home-Owners may be served with process through its Registered Agent, CT Corporation System, c/o Linda Banks, 289 South Culver Street, Lawrenceville, Georgia 30046-4805.

1

**JURISDICTION AND VENUE**

4.      This action arises from damage to real property covered by an insurance contract issued by Home-Owners to TPN located in Fulton County, Georgia at 1286 Milledge Street, East Point, Georgia 30344 (the "**Property**").

5.      Home-Owners is subject to the jurisdiction of this Court and venue is proper pursuant to O.C.G.A. § 33-4-1.

**FACTUAL ALLEGATIONS**

6.      TPN is the owner of the Property consisting of a 200,934 square foot commercial building situated on approximately 8.43 acres.

7.      TPN leased a portion of the Property to Nicholson Transfer & Storage, Inc. (the "**Tenant**").

8.      On or about January 30, 2019, an employee of Tenant hit a support column inside the Property causing damage to the Property.

9.      Tenant engaged Billy Gray Contracting, Inc. to perform emergency stabilization of the Property roof.

10.      On February 12, 2019, following a rainstorm, the emergency stabilization failed causing the roof to collapse.

11.      The roof collapse caused further extensive damage to the Property, including the collapse of the east wall of the Property.

12.      At all material times, the Property was insured by Home-Owners under policy number 134-618-80269024-18 (the "**Policy**").

13. TPN timely provided notice to Home-Owners of its claims for damages arising out of the damage to the Property.

14. TPN submitted several written proofs of claim, submitted to an examination under oath conducted by Home-Owners' attorney, and met all its other obligations under the Policy.

15. Home-Owners submitted payments to TPN to repair the physical damage to the Property but said payments were grossly insufficient to repair the damage to the Property.

16. TPN made demand upon Home-Owners for additional payment to enable TPN to perform the necessary repairs to the Property.

17. Home-Owners refused to provide any further payment.

18. Due to the extensive physical damage to the Property, the Property was and remains in hazardous condition and is not tenantable.

19. Due to the damage to the Property and its continuing untenantability, Tenant's lease was terminated.

20. Because of the extensive damage to the Property, TPN is unable to re-lease the Property, resulting in substantial loss of business income.

21. The Policy includes coverage for loss of Business Income, including loss of rental income, due to physical damage to the Property.

22. TPN made a claim to Home-Owners under the Policy for its loss of business income resulting from the physical damage to the Property.

23. TPN met all obligations under the Policy for its business income loss claim.

3

24.     Home-Owners first unreasonably delayed and then improperly denied TPN's claim for loss of business income.

25.     On September 11, 2020, and again on October 16, 2020, TPN served notices upon Home-Owners of TPN's intention to assert a claim for bad faith pursuant to O.C.G.A. § 33-4-6 in connection with Home-Owners' failure to pay TPN's claim for loss of business income (the "**Bad Faith Notices**"). Copies of the Bad Faith Notices are attached hereto as *Exhibit A*.

26.     Notwithstanding receipt of the Bad Faith Notices, Home-Owners denied TPN's claim for loss of business income.

27.     TPN was damaged by the wrongful actions and bad faith of Home-Owners.

### COUNT ONE – Breach of Contract – Property Damage

28.     TPN hereby incorporates all prior allegations as if fully set forth herein.

29.     TPN contracted with Home-Owners to provide property insurance coverage for the Property with limits of $12,141,282.00.

30.     TPN timely paid its premiums to Home-Owners and Home-Owners issued the Policy to TPN.

31.     TPN timely made its claim for property damage to the Property to Home-Owners, complied with every request for information and documentation by Home-Owners, and complied with all conditions for coverage under the Policy.

32.     In violation of the terms of the Policy, Home-Owners failed and refused to make payment to TPN sufficient to repair the Property.

4

33.     Home-Owners owes TPN substantial additional funds in an amount of no less than $5,341,604 to pay for the direct physical damage to the Property as set forth in the Policy.

34.     The actions by Home-Owners are in violation of the parties' contractual agreement set forth in the Policy.

35.     The breach of the Policy by Home-Owners damaged TPN.

WHEREFORE, TPN demands judgment in its favor and against Home-Owners for Home-Owners' breach of contract in failing to pay TPN's property claim in an amount of no less than $5,341,604, plus interest, all costs and fees, including attorney's fees, as well as all other legal or equitable relief to which TPN is entitled.

## COUNT TWO – Breach of Contract – Business Income Loss

36.     TPN hereby incorporates all prior allegations as if fully set forth herein.

37.     TPN contracted with Home-Owners to provide business income loss coverage for TPN related to the Property.

38.     TPN timely paid its premiums to Home-Owners and Home-Owners issued to TPN the Policy.

39.     TPN met all its contractual obligations under the Policy, complied with every request for information and documentation by Home-Owners, submitted to an examination under oath by Home-Owners' attorney, and complied with all conditions for coverage under the Policy.

40.     In violation of the terms of the Policy, Home-Owners failed and refused to make any payment to TPN for its business income loss.

5

41.     The actions by Home-Owners are in violation of the parties' contractual agreement.

42.     The breach of the Policy by Home-Owners damaged TPN.

WHEREFORE, TPN demands judgment in its favor and against Home-Owners for Home-Owners' breach of contract in failing to pay TPN's business income loss claim in the amount of the limits of coverage under the Policy in the amount of $150,000.00 plus interest, all costs and fees, including attorney's fees, as well as all other legal or equitable relief to which TPN is entitled.

## COUNT THREE – Bad Faith Under O.C.G.A. § 33-4-6

43.     TPN hereby incorporates all prior allegations as if fully set forth herein.

44.     Home-Owners' denial of TPN's claim for loss of business income was in bad faith.

45.     TPN provided written notices of its intention to assert claims for bad faith penalties and attorneys' fees pursuant to O.C.G.A. § 33-4-6 if Home-Owners continued to fail to pay TPN's claim for loss of business income.

46.     Notwithstanding receipt of the Bad Faith Notices, Home-Owners refused to pay TPN's claim for loss of business income.

47.     Home-Owners' refusal to pay TPN's claim for loss of business income was in bad faith.

48.     Pursuant to O.C.G.A. § 33-4-6, in addition to payment of Policy limits of $150,000.00, TPN is entitled to recover from Home-Owners the additional sum of

6

$75,000.00, representing the statutory fifty percent (50%) penalty, plus TPN's reasonable attorneys' fees incurred in enforcing the provisions of the Policy.

WHEREFORE, TPN demands judgment in its favor and against Home-Owners for Home-Owners' bad faith in the additional sum of $75,000.00, representing the statutory fifty percent (50%) penalty, plus TPN's reasonable attorneys' fees incurred in enforcing the provisions of the Policy in an amount as shown by the evidence.

TPN demands such or different relief as the Court deems to be appropriate.

## **JURY DEMAND**

TPN hereby demands a trial by jury on all claims so triable.

This 12th day of January 2021.

CLARK LAW FIRM, PC

John W. Clark IV (*pro hac vice* application forthcoming)
The Landmark Center, Suite 600
2100 First Avenue North
Birmingham, Alabama 35203
Telephone:   (205) 506-0075
Facsimile:   (800) 856-9028
E-Mail:       jclark@clarklawfirm.com

7

**KITCHENS KELLEY GAYNES, P.C.**

/s/ *Stephen V. Kern*
Stephen V. Kern
Georgia Bar No. 415875
C. Joseph Hoffman
Georgia Bar No. 984961

Glenridge Highlands One
Suite 800
5555 Glenridge Connector
Atlanta, Georgia 30342
Telephone: (404) 467-7530
skern@kkgpc.com
jhoffman@kkgpc.com

8

Exhibit "A"



**KITCHENS
KELLEY
GAYNES** P.C.

Attorneys at Law
Glenridge Highlands One - Suite 800
5555 Glenridge Connector
Atlanta, Georgia 30342
Telephone: 404-237-4100
Fax: 404-364-0126

Stephen V. Kern
Direct Dial: 404-467-7530
Email: skern@kkgpc.com
www.kkgpc.com

September 11, 2020

**VIA ELECTRONIC MAIL: mabray.houston@aoins.com
AND EXPRESS MAIL
TRACKING NO. EM564624886US**

Auto-Owners Insurance Company
c/o Mr. Houston Mabray
Claim Representative, Newnan Claims Branch
P. O. Box 72809
Newnan, Georgia 30271-2809

| | | |
|---|---|---|
| RE: | **Insured/Our Client:** | **TPN Properties, LLC** |
| | **AO Policy No:** | **134618-80269024-18 (the "Policy")** |
| | **Policy Period:** | **May 7, 2018 – May 7, 2019** |
| | **Claim No.:** | **300-33198-2019** |
| | **Property Address:** | **1286 Milledge Street, East Point, GA 30344-1805 (the "Property")** |
| | **Dates of Loss:** | **January 30, 2019 and February 12, 2019** |
| | **Demand for Payment of loss of Business Income pursuant to O.C.G.A. § 33-4-6** | |

Dear Mr. Mabray:

The undersigned, along with John Clark of the Clark Law Firm in Birmingham, represent TPN Properties, LLC ("TPN") in connection with the above-referenced loss. You and John Clark have had numerous communications over a period of several months regarding TPN's claims for property damage and loss of business income under the Policy arising out of the catastrophic collapse of the commercial building located at the Property owned by TPN. I will address separately at a later date the property damage claim. The purpose of this correspondence is to specifically address Auto Owner's continued failure to pay TPN's claim under the Business Income Coverage Form of the Policy.

 KITCHENS
KELLEY
GAYNES P.C.

Mr. Houston Mabray
September 11, 2020
Page 2

The Policy provides separate policy limits of $150,000 for loss of Business Income arising out of the physical damage to the Building insured under the Policy. TPN provided its Sworn Statement in Proof of Loss related to its claim for loss of Business Income dated May 13, 2019. A copy of that Sworn Statement in Proof of Loss (less exhibits) is enclosed. Another Sworn Statement in Proof of Loss dated March 20, 2020 was also supplied. It also is enclosed (less exhibits). In January 2020 Auto Owners demanded numerous documents related to the Business Income claim and retained an accounting firm to request and review numerous additional financial documents including tax returns, bank statements, rental payments and history. TPN supplied Auto Owners and/or its accountants with all of the documents requested in its possession or control In January and February 2020, more than six months ago. Notwithstanding repeated inquiries and demands, Auto Owners made no payments and provided no written explanation for failing to pay this claim other than to point out that at the time of the loss the tenant was behind in rent. In addition, at Auto Owner's insistence, TPN's Manager, Chris Nicholson, submitted to a Statement Under Oath conducted by Auto Owners' outside counsel, Michael Kendall, on July 17, 2020. Mr. Nicholson answered all questions posed and promptly reviewed and signed his sworn statement a few days later, as also demanded by Auto Owners.

Given this history, it is not hard to understand TPN's consternation when notified of the communication you sent to its attorney on September 8, 2020, claiming that Auto Owners is "in need a (sic) detailed Sworn Statement in Proof of Loss for the business income portion of the claim." Auto Owners has had TPN's original detailed Sworn Statement in Proof of Loss for 16 months, and a second Sworn Statement in Proof of Loss for almost six months. In addition, Auto Owner's chosen counsel cross-examined TPN under oath specifically about its Business Income claim.

Auto Owner's handling of TPN's entire claim, and particularly the Business Income loss claim, has been atrocious. It has been well over a year since TPN submitted its Sworn Statement in Proof of Loss, months since Auto Owners received all the documents it requested, and almost two months since receiving TPN's signed sworn oral testimony. TPN has fully documented its loss of rental income due to the untenantable condition of the Building in an amount far greater than Policy limits for this coverage. Auto Owner's demand for yet another sworn statement instead of making payment clearly due under the Policy is in bad faith.

It is long past time that Auto Owners live up to its contractual and legal obligations under the Policy. TPN hereby demands immediate payment of the sum of $150,000 representing Policy limits for TPN's loss of Business Income.

This demand is made pursuant to O.C.G.A. § 33-4-6. If Auto Owners does not pay to TPN the amount of $150,000 for TPN's Business Income loss within 60 days of your receipt of this Demand, TPN will bring legal action against Auto Owners for breach of its contractual obligations under the Policy, for negligence, and for statutory bad faith penalties and attorneys' fees. Under



**KITCHENS
KELLEY
GAYNES** p.c.

Mr. Houston Mabray
September 11, 2020
Page 3

the foregoing Code Section, if Auto Owners' refusal to make this payments is found to have been in bad faith, in addition to the full amount due under the Policy, Auto Owners will be liable for a penalty of fifty percent (50%) of the amount of TNP's losses covered under the Policy, plus all reasonable attorneys' fees incurred in the prosecution of the action to enforce Auto Owners' duties under the Policy. Note that in *Atlantic Title Ins. Co. v. Aegis Funding Corp.*, 287 Ga. App. 392 (2008), a case handled by the undersigned, the Georgia Court of Appeals confirmed that the amount of the statutory penalty under O.C.G.A. § 33-4-6 is fifty percent of the unpaid claim and not some lesser amount.

Very truly yours,

Stephen V. Kern

Cc: Chris Nicholson
John Clark, Esq.



KITCHENS
KELLEY
GAYNES P.C.

Attorneys at Law
Glenridge Highlands One · Suite 800
5555 Glenridge Connector
Atlanta, Georgia 30342
Telephone: 404-237-4100
Fax: 404-364-0126

Stephen V. Kern
Also admitted in North Carolina
Direct Dial: 404-467-7530
Email: skern@kkgpc.com
www.kkgpc.com

October 16, 2020

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**NO. 7016 3010 0000 8190 6312**

Michael C. Kendall, Esq.
Kendall Mandell, LLC
3152 Golf Ridge Boulevard
Suite 201
Douglasville, GA 30135

|   |   |   |
|---|---|---|
| RE: | **Insured/Our Client:** | **TPN Properties, LLC** |
|  | **AO Policy No:** | **134618-80269024-18 (the "Policy")** |
|  | **Policy Period:** | **May 7, 2018 – May 7, 2019** |
|  | **Claim No.:** | **300-33198-2019** |
|  | **Property Address:** | **1286 Milledge Street, East Point, GA 30344-1805 (the "Property")** |
|  | **Dates of Loss:** | **January 30, 2019 and February 12, 2019** |
|  | **Demand for Payment of loss of Business Income** | |

Dear Mr. Kendall:

Thank you for your correspondence of October 8, 2020.

As a preliminary matter, your claim of impropriety regarding my writing directly to Auto-Owners is not well taken. Of course, I was aware that you were retained to conduct the examination under oath of TPN, but it was my understanding that was the extent of your representation. That understanding was not unreasonable. You stated at the outset of the examination that you "have been retained by Home-Owners(sic) Insurance Company to conduct an Examination Under Oath of TPN..."  You have not to my knowledge previously notified counsel for TPN that your representation extended beyond that. You have also not been involved with or copied on numerous written communications between Auto-Owners and counsel for TPN, both before and after the sworn statement was taken. In fact, the request for a sworn proof of loss for the Business Income portion of the claim came not from you but directly from Mr. Mabray by email to my co-counsel, John Clark, on September 8, 2020. That was well after you conducted the examination under oath



KITCHENS
KELLEY
GAYNES P.C.

Michael C. Kendall, Esq.
October 16, 2020
Page 2 of 2

on July 17, 2020. There is no indication that Mr. Mabray copied you on that email. Moreover, my letter of September 11, 2020 was written pursuant to O.C.G.A. § 33-4-6. That Code Section requires delivery of written notice to the insurer.

Going forward we will communicate with Auto-Owners solely through you, including statutory notices. To our knowledge you have had no involvement to date in TPN's Property Damage claim. Please clarify whether all communications regarding the Property Damage claim should also be through you. We will certainly honor those instructions.

TPN's statutory demand for payment of the Business Income claim in the amount of the applicable $150,000 Policy limits set forth in my correspondence of September 11, 2020 stands. The demand for another sworn proof of loss after TPN provided numerous documents substantiating its claim, including tax returns and banking records, and after submitting to an examination of oath which was transcribed and promptly reviewed and signed by TPN's testifying representative and returned a few days later, is not to obtain additional information needed to evaluate the claim. Indeed, no additional information has been requested. Rather, the belated request for a sworn proof of loss is a transparent effort to justify the already unreasonable delay in paying the claim, to further delay payment, or perhaps to create pretext for denial of the claim.

Notwithstanding, in order to move this matter forward, enclosed is TPN's original sworn proof of loss related solely to its claim under the Business Income Coverage Form. Attached to the proof of loss are several of the documents supporting the claim, all of which were provided to Auto-Owners months ago along with several other documents that were requested. The rate of rent claimed is below market, and the total actual loss of rental income due to the catastrophic collapse far exceeds the applicable Policy limits.

It is TPN's position that Auto-Owners is already in breach of the Policy provisions quoted in your letter related to the deadline for paying the Business Income claim. Failure to pay the claim for another 30 days after your receipt of this letter and its contents will be additional evidence of Auto-Owners' bad faith. TPN reiterates and incorporates by reference its demand pursuant to O.C.G.A. § 33-4-6 set forth in my correspondence dated September 11, 2020.

Very truly yours,

Stephen V. Kern

cc:  Chris Nicholson
     John Clark, Esq.

Encl.